**NOT FOR PUBLICATION**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BERLICE CARMIL,** | **Civil Action No. 15-8001 (JLL)** |
| **Petitioner,** | |
| v. | **OPINION** |
| **CHARLES GREEN, et al.,** | |
| **Respondents** | |

**LINARES**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Berlice Carmil, pursuant to 28 U.S.C. § 2241. (ECF No. 1).  At this time, this Court is required to screen the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  For the reasons set forth below, this Court will dismiss the petition without prejudice.

## I. BACKGROUND

Petitioner, Berlice Carmil, is a native and citizen of Haiti who has resided in the United States as a lawful permanent resident since December 1995. (ECF No. 1 at 5).  On June 28, 2005, Petitioner was convicted of second degree robbery in New Jersey and was sentenced to a term of eight years' imprisonment with an eighty five percent parole disqualifier. (*Id.*).  Petitioner was thereafter released from the custody of the New Jersey Department of Corrections on April 18, 2011. (*Id.*).

Approximately four years later, on June 19, 2015, Petitioner was taken into custody by immigration officials and was detained pursuant to 8 U.S.C. § 1226(c) pending the outcome of removal proceedings. (*Id.* at 4-5). Petitioner states that on October 28, 2015, he was "given a bond hearing," but was denied bond because "counsel was unprepared to argue" that his detention pursuant to § 1226(c) was unlawful in light of the four year delay between his release from prison and his detention by immigration officials. (*Id.* at 4). It is unclear whether Petitioner was denied bond under § 1226(a), or whether Petitioner was denied bond because the immigration judge determined he was subject to detention without bond pursuant to § 1226(c), but the latter appears to have been the case. Petitioner has not yet been ordered removed, and therefore is not subject to a final order of removal. (*Id.* at 11).


## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule

1(b), the courts are required to preliminarily review habeas petitions and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## B. Analysis

Petitioner essentially presents two claims in his habeas petition: that the authority to detain him pursuant to 8 U.S.C. § 1226(c) lapsed when immigration officials failed to take him into custody for four years following his release from prison, and that his continued detention without bond violates due process. Petitioner's first claim is patently without merit. *See Sylvain v. Attorney Gen. of the United States*, 714 F.3d 150, 157-160 (3d Cir. 2013). In *Sylvain*, the Third Circuit explicitly held that "even if the [8 U.S.C. § 1226(c)] calls for detention 'when the alien is released' and even if 'when' implies some period of less than four years, nothing in the statute suggests that officials lose authority if they delay." *Id.* at 160. Thus, the Third Circuit has expressly preempted the argument Petitioner seeks to make: that immigration officials' delay of four years prior to detaining him robbed those officials of the authority to detain him without bond under the statute. *Id.* at 157-60. Even with that four year gap, immigration officials retained the authority to detain petitioner without bond under 8 U.S.C. § 1226(c). As such, this Court will deny Petitioner's claim that he was not subject to mandatory detention because of the four year gap between his release from prison and his detention pending removal.

Although Petitioner attempts to present his second claim in several ways, his allegations primarily assert one claim: that he has been detained for longer than a reasonable period of time without a bond hearing under 8 U.S.C. § 1226(c) in violation of *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011).[1]  In *Diop*, the Third Circuit held that § 1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." *Diop*, 656 F.3d at 231.  Determining whether a given period of detention is reasonable under the circumstances is a fact-dependent inquiry "requiring an assessment of all of the circumstances of a given case." *Id.* at 234.  In the § 1226(c) context, reasonableness is "a function of whether [the period of detention] is necessary to fulfill the purpose of the statute." *Id.*

In *Demore v. Kim*, the Supreme Court observed that detention under the statute "lasts roughly a month and a half in the vast majority of cases . . . and about five months in the minority of cases." 538 U.S. 510, 530 (2003).  In *Demore*, the Court held that where an alien is detained for six months, including a continuance requested by the alien, that alien's detention is not an unconstitutional restraint on the alien's liberty. *Id.* at 530-31. The Third Circuit has thus held that where detention exceeds the six month period specified in *Demore*, "the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues." *Diop*, 656 F.3d at 234.

---

[1] Petitioner in his petition claims that his detention is in violation of *Zadvydas*, but that case applies expressly to post removal order detention pursuant to 8 U.S.C. § 1231. As Petitioner alleges that he is not yet subject to a final order of removal, § 1231 does not apply to him.  Even if Petitioner were subject to a final order of removal at the time he was detained, however, that Petitioner has only been detained for approximately five months would preclude him from receiving relief pursuant to *Zadvydas*, which held that detention for up to six months following a final order of removal is presumptively reasonable.  533 U.S. at 701.

The Third Circuit has recently clarified the length of time which would qualify as a reasonable period of detention under § 1226(c) in *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (2015). In that case, the Third Circuit held that "beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberty outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Id.* at 478. Thus, while there the Third Circuit has not provided a bright line rule as to when a period of detention becomes unreasonable under any circumstances, *see id.* at 474 n. 7, it is clear that this does not occur until some time after an alien has been detained for more than six months without a bond hearing. *Id.* at 478.

Petitioner was not detained by immigration officials until June 19, 2015. Thus, as of the date of this opinion, Petitioner has been held for approximately five months. As Petitioner has yet to crest the six month period found reasonable in *Demore*, his detention pursuant to § 1226(c) has not yet reached the point where it could be considered unreasonable or to lack a reasonable connection to the goals of the statute. As such, to the extent that Petitioner has been held pursuant to § 1226(c) without a proper bond hearing, his detention has not yet become unreasonable and this Petition shall be dismissed as premature.

Petitioner's claim is somewhat complicated, however, by the fact that he alleges that he was "given a bond hearing" in October 2015. To the extent that Petitioner was denied bond because he is subject to mandatory detention under 8 U.S.C. § 1226(c), his claim is premature as his detention has not yet become unreasonable for the reasons recounted above. To the extent that Petitioner was denied bond at that hearing on the merits; that is, because the immigration court determined he was either a flight risk or a danger to the community under 8 U.S.C. § 1226(a);

5

Petitioner has already received the sole relief available to him under *Diop* and *Chavez-Alvarez*, a bond hearing, and as such his Petition would be moot and would warrant dismissal for that reason instead. *See Chavez-Alvarez*, 783 F.3d at 478 (proper relief for a successful *Diop* claim that detention under § 1226(c) is unreasonable is a bond hearing). Thus, regardless of whether Petitioner was denied bond because he is subject to mandatory detention, or was denied bond on the merits, his Due Process claim is either premature or moot, and his petition would warrant dismissal.

## III. CONCLUSION

For the reasons stated above, the petition is dismissed without prejudice to the filing of a subsequent petition in the event that the length of Petitioner's detention becomes unreasonable. An appropriate Order follows.

Hon. Jose L. Linares,
United States District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**BERLICE CARMIL,**                                    Civil Action No. 15-8001 (JLL)

        **Petitioner,**

        v.                                         **ORDER**

**CHARLES GREEN, et al.,**

        **Respondents.**

This matter having come before the Court on the petition for a writ of habeas corpus of Petitioner, Berlice Carmil, under 28 U.S.C. § 2241 (ECF No. 1); the Court having screened the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b); and the Court having determined that the petition must be dismissed for the reasons set forth in the accompanying Opinion,

    **IT IS** on this *16* day of November, 2015;

    **ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** to the filing of a subsequent petition in the event that the length of Petitioner's detention becomes unreasonable; and it is further

    **ORDERED** that the Clerk shall serve this Order and the accompanying Opinion upon Petitioner, and shall close the file.

                            Hon. Jose L. Linares,
                            United States District Judge